## LAKE SAND CORPORATION v. JOHN I. HAY CO.

### No. 7991.

Circuit Court of Appeals, Seventh Circuit.

Oct. 29, 1942.

Stuart B. Bradley and Donald L. Vetter, both of Chicago, Ill. (Seago, Bradley & Vetter, of Chicago, Ill., of counsel), for appellant.

Robert Branand, Jr., and Edward B. Hayes, both of Chicago, Ill., for appellee.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

Appellee filed its libel in Admiralty against appellant claiming damages to its steamer "Gilbert" resulting from a collision between that vessel and a barge belonging to appellant. The latter cross-libeled claiming damages to its barge from the same collision which it alleged resulted solely from the negligent operation of the Gilbert. The District Court found in favor of the libelant and dismissed appellant's cross-libel, and directed that the matter be referred to a Commissioner to compute the amount of the damages due appellee, unless the parties were able to agree thereto. From this interlocutory decree the appeal was taken.

The collision which gave rise to the present controversy occurred on October 14, 1940, at about 5:50 P. M. in the vicinity of 95th Street and the Calumet River, in the city of Chicago. We append a diagram to illustrate the general locale.

Appellee owns a dock and sand yard on the Calumet River, extending from Howard's Slip to the 95th Street bridge. Just prior to 5:50 P. M. on the afternoon of October 14, its steamer, the Gilbert, was proceeding slowly, at a speed of not more than three miles an hour, up river (south) from Lake Michigan, loaded with sand

headed for its mooring in the slip. At the time there were two scows (identified as XX on our diagram), each about 25 to 30 feet wide, moored abreast on the west bank of the river just north of the slip. Two tugboats (YY), each about 20 feet wide, were moored abreast inside the slip (120 feet wide), along its north side and about 150 to 200 feet in. Appellant's barge (A), 175 feet long and 26 feet wide, was, without appellee's knowledge or consent, tied up to appellee's dock just south of the slip with its north end about 20 to 25 feet south of the corner, and without a watchman. It was dark and raining at the time and there was a strong northeast wind blowing. The captain of the Gilbert saw the barge when the Gilbert was about 200 feet from it. The collision occurred when the Gilbert, which is 200 feet long and 42 feet wide, was about 75 feet into the slip. As to these facts there is no dispute.

There is dispute as to whether or not the barge was properly tied up and whether there were any lights at all on it. There is also dispute as to how the Gilbert came into the slip. Appellee contends that it was headed straight in, steady, with its port side lined up with the south side of the slip, about eight feet from it, and with neither bow nor stern swinging, and that, because the barge was not tied fast the suction caused by the movement of the Gilbert caused the barge to surge forward and up onto the port side of the Gilbert. Appellant contends, on the contrary, that the barge was properly moored, and stationary, but that the Gilbert was heading in at an angle, and the wind and current carried her stern around so that in maneuvering for the turn into the slip the boat swung into the barge.

From our study of the record we are convinced that there was preponderating evidence to support the findings of the court that the Gilbert was at all times here involved, carefully and prudently managed and navigated, and with a proper lookout, while the barge was a trespasser on appellee's dock, unattended and improperly moored and lighted, whose presence was not known to those in charge of the Gilbert until just immediately prior to the collision,[1] and that the barge broke away from its moorings and surged against and col-

lided with the Gilbert, which collision resulted in damage to the Gilbert for which appellant is liable. There was, therefore, no error in the action of the District Court in ordering that the libelant recover its damages and in dismissing the cross-libel of appellant.

Decree affirmed.

---

[1] The evidence indicates that at the rate of speed at which the Gilbert was moving, not more than three miles an hour, about one minute would have elapsed from the time the barge was sighted by her navigator until the collision.